IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00429-BNB

ERNEST BRIM, aka
BERNARD HORNE,

    Applicant,

v.

ARISTEDES W. ZAVARAS, Colorado "DOC" Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO
    JOHN SUTHERS, ESQ.,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 05 2009

GREGORY C. LANGHAM
               CLERK

## ORDER OF DISMISSAL

Applicant, Ernest Brim, also known as Bernard Horne, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Brim initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Arapahoe County, Colorado, district court case number 87CR161. He has paid the $5.00 filing fee.

On May 21, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On July 10, 2009, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period and that Applicant failed to exhaust state court remedies as to his asserted claims. On

August 31, 2009, and on September 3, 2009, Mr. Brim filed a reply to the pre-answer response.

The Court must construe liberally Mr. Brim's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' remaining arguments for dismissal.

Mr. Brim was convicted by a jury in 1987 in Arapahoe County District Court Case No. 87CR161 on charges of aggravated robbery, conspiracy to commit aggravated robbery, and theft. He also was found guilty on three habitual criminal counts. The trial court sentenced him to life imprisonment in the DOC, which by statute included parole eligibility after forty years from the date of sentencing.

Mr. Brim appealed from his convictions to the Colorado Court of Appeals, which on October 5, 1989, affirmed. *See People v. Brim*, No. 87CA0647 (Colo. Ct. App. Oct. 11, 1991) (not published). On March 1, 1991, the Colorado Supreme Court denied certiorari review. Mr. Brim does not allege that he sought certiorari review in the United States Supreme Court.

In February 1994, Mr. Brim filed motions for postconviction relief and for appointment of counsel. *See* application at 54-68. The trial court appointed counsel and later allowed counsel to withdraw. *See* pre-answer response, ex. A at 8-9. The

court appointed different counsel and later appointed a private investigator. **See id.** at 9-10. On October 11, 1995, counsel was permitted to file a supplemental motion for postconviction relief. **See id.** at 10.

Following a series of continuances, the trial court on June 10, 1996, set a hearing on the postconviction motions for August 30, 1996. **See id.** at 10-11. Prior to the hearing, defense counsel and the investigator were granted leave to review the prosecution's fingerprint evidence. **See id.** at 11. At the hearing, the trial court granted Mr. Brim's requests to be permitted to proceed **pro se** and to permit appointed counsel to withdraw, and denied his request for advisory counsel. **See** application, 72-101; **see also** pre-answer response, ex. A at 12. The trial court then reviewed Mr. Brim's eighty-five claims to determine whether they could be considered under Rule 35(c) of the Colorado Rules of Criminal Procedure, denying on their face claims not appropriate in a Colo. R. Crim. P. 35(c) motion, **see, e.g.**, application at 116, 118, and ordering Mr. Brim to cure curable claims. **See, e.g.**, application at 118, 128, 149-50. The trial court did not grant relief on any of Mr. Brim's claims.

Mr. Brim subsequently filed various motions, including motions to subpoena witnesses, for appointment of counsel and an investigator, for leave to petition for mandamus, for default judgment, for a proportionality review of his habitual criminal sentence, and for an evidentiary hearing. **See** pre-answer response, ex. A at 12-15. Before the trial court could rule on the motions, he filed a mandamus petition in the Colorado Supreme Court, which on October 6, 1997, denied the petition. **See** pre-answer response, ex. A at 15. He again was appointed counsel to represent him, and

on November 10, 1997, appointed counsel filed a motion to withdraw. *Id.* Mr. Brim then filed a second mandamus petition in the Colorado Supreme Court, which on December 18, 1997, denied the petition. On January 6, 1998, the Colorado Supreme Court denied Mr. Brim's petition for rehearing and written explanation. *Id.*

Nothing further occurred in Mr. Brim's criminal case for six years and five months until June 7, 2004, when Mr. Brim filed a letter, which the Colorado Court of Appeals characterized as "a postconviction motion that was styled as a request to vacate an illegal sentence under Crim. P. 35(a)." **See** application at 24-25; *see also* pre-answer response, ex. A at 15. Mr. Brim attacked his habitual criminal sentence because it allegedly was based "on prior convictions that were invalid or were no longer felonies." **See** application at 25. The trial court denied the motion. On August 2, 2007, the Colorado Court of Appeals affirmed. **See People v. Brim**, No. 05CA1528 (Colo. Ct. App. Aug. 2, 2007) (not published) (application at 23-26). On December 17, 2007, the Colorado Supreme Court denied certiorari review. **See** application at 21.

On February 27, 2009, Mr. Brim attempted to initiate a habeas corpus action in this court by filing a motion for a temporary restraining order. Not until May 15, 2009, did he cure a deficiency in this action by filing a habeas corpus application pursuant to 28 U.S.C. § 2254. In the application, he asserts eight claims for relief:

> 1. Applicant has been denied his federal constitutional rights to access the courts, to redress grievances, to the effective assistance of counsel, to due process, and to equal protection, because the state courts have ignored his requests to obtain the benefit of trial court orders allegedly granting him postconviction relief and vacating his life sentence.

4

2. Applicant has been denied his federal constitutional rights to effective cross-examination, to a fair trial, and to due process, because his conviction allegedly was obtained by the use of coerced testimony.

3. Trial counsel rendered ineffective assistance because counsel:

    a. had been assigned to the same case while serving in the district attorney's office;

    b. "did entirely nothing," *see* application at 6A;

    c. "fail[ed] to subject the prosecution's case to meaningful adversarial testing," *see id.*;

    d. conspired with police and the prosecution to hide the truth; and

    e. withheld and fabricated evidence.

4. Applicant's conviction was obtained in violation of his privilege against self-incrimination, the prohibition against cruel and unusual punishment, and his federal constitutional rights to due process and equal protection, when the prosecutor ordered police to use excessive and brutal physical force, stun guns, handcuffs, and leg shackles against Applicant and forcibly took from Applicant palm prints, fingerprints, and hair samples, and falsely reported that this evidence was found at the crime scene.

5. Applicant's conviction was obtained in violation of his federal constitutional right to equal protection because Blacks were systematically excluded from the jury, and in violation of his right to the effective assistance of counsel because counsel failed to object to such exclusion.

6. Applicant was denied his constitutional right to be present during critical stages of the criminal proceeding

when the trial court informed the jurors that Applicant had some involvement in the absence of one of the jurors during the penalty phase.

7. Application was denied his constitutional right to a proportionality review of his sentence, and to the effective assistance of counsel when counsel failed to obtain such a review or move to set aside Applicant's prior convictions.

8. The prosecution withheld evidence against Applicant, which violated his Sixth Amendment right to cross-examination, to rebut the evidence against him, and to use compulsory process to call witnesses on his behalf. In addition, the court forced Applicant to relinquish his right to a speedy trial, and defense counsel rendered ineffective assistance of counsel because he knew that the evidence had been withheld.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Brim did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied certiorari review on March 1, 1991, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from March 2, 1991, the day after the Colorado Supreme Court denied his certiorari petition, Mr. Brim's conviction became final on May 30, 1991, when the time for seeking review in the United States Supreme Court expired. ***See Rhine v. Boone***, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Brim's conviction and sentence became final prior to April 24, 1996, the date the one-year limitation period in 28 U.S.C. § 2244(d) was enacted into law. Therefore, the limitation period began to run on April 24, 1996. In the absence of any reason to toll the limitation period, Mr. Brim should have initiated this action by April 24, 1997, one year after the statute's effective date. ***See United States v. Hurst***, 322 F.3d 1256, 1260-61 & n.4 (10th Cir. 2003). The application was submitted to the Court on May 15, 2009. Mr. Brim does not allege that unconstitutional state action prevented him from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review, and he could have discovered the factual predicate for his claims challenging the validity of his convictions at the time his direct appeal became final. Therefore, the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

Respondents concede that Applicant's first postconviction proceeding was pending on April 24, 1996, thus tolling the one-year limitation period. On November 10, 1997, postconviction counsel was allowed to withdraw. On November 17, 1997, Mr. Brim filed an answer to counsel's motion to withdraw, and on December 15, 1997, he sent a letter to the court. *See* pre-answer response, ex. A at 15. The state register of actions discloses that Applicant, who was proceeding *pro se*, filed nothing in the criminal case for the next six years and five months regarding his case.

Under then-existing Colorado law, Mr. Brim's failure to take reasonable steps to secure an expeditious ruling on the postconviction motion resulted in the motion's abandonment. *See People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988); *see also Herr v. People*, 198 P.3d 108, 112 (Colo. 2008). Therefore, the limitation period remained untolled for at least a year, resulting in the expiration of the limitation period before Mr. Brim, on June 7, 2004, filed the letter which the Colorado Court of Appeals characterized as "a postconviction motion that was styled as a request to vacate an illegal sentence under Crim. P. 35(a)." *See* application at 24-25; *see also* pre-answer response, ex. A at 15. As a result, the June 2004 motion did not toll the limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction

relief filed with the one year allowed by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of limitations.").

Even if Mr. Brim's 1994 postconviction motion were not deemed to be abandoned, and his June 2004 motion had continued the tolling begun by his previous motion, the application still is untimely. The limitation period would have begun to run on December 18, 2007, the day after the Colorado Supreme Court denied certiorari review on December 17, 2007. According to the state register of actions, nothing was filed in the case following the denial of certiorari review. As a result, the limitations period would have run until it expired on December 18, 2008, over two months before Mr. Brim attempted to initiate the instant action on February 27, 2009, with the filing of a motion for a temporary restraining order stating no claims and almost five months before he actually filed his habeas corpus application on May 15, 2009.

Moreover, to the extent Mr. Brim initiated state habeas corpus proceedings in 1999 in Fremont County Case No. 99CV182, *see* pre-answer response, ex. K; in 2000 in El Paso County Case No. 00CV2140, *see* pre-answer response, ex. L, and in 2002 in El Paso County Case No. 02CV758, *see* pre-answer response, ex. M, none appears to have been a postconviction proceeding attacking his criminal conviction at issue in the instant action. As can be discerned from the state register of actions in these cases, the proceedings appear to have concerned conditions of confinement. In addition, they were not filed in Arapahoe County, the proper venue for a collateral attack on the criminal conviction at issue here, Arapahoe County Case No. 87CR161, and were not transferred to Arapahoe County. **See Duran v. Price**, 868 P.2d 375, 378 (Colo. 1994) (a state petition for writ of habeas corpus that seeks relief cognizable under Colo. R. Crim.

P. 35(c) must be converted to a Colo. R. Crim. P. 35(c) motion and venue transferred to the sentencing court.). As a result, Mr. Brim's application is time-barred.

However, the one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Brim bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Brim fails to argue or allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Brim fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 4th day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00429-BNB

Ernest Brim
aka Bernard Horne
Prisoner No. 49613
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/6/09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk